UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY E. BARNES,

    Plaintiff,

v.                                          Case No. 23-cv-1102-bhl

L. WACHHOLZ,
H. UTTER,
JANE DOE, and
NATE HEGGESETH,

    Defendants.

## SCREENING ORDER

Plaintiff Anthony E. Barnes, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Barnes' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Barnes has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Barnes has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $12.25. Barnes' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Barnes, Defendants violated his constitutional rights on May 11, 2022. Barnes asserts that although Defendant L. Wachholz knew that an MRI was needed to determine the proper treatment for his knee injury, she ordered only an x-ray. He states that her deliberate indifference to the cause of his injury resulted in more damage and extreme emotional, physical, and psychological pain. Barnes also asserts that Defendants H. Utter and Jane Doe practitioner "also knew of the plaintiff's serious medical condition, and also chose to ignore the seriousness." He further notes that Defendant Nate Heggeseth "also chose to ignore the plaintiff's requests for treatment." Barnes concludes that "[d]ue to all of the defendant's ignoring the left knee medical condition of plaintiff, it resulted in the plaintiff falling down the stairs on 2-2-23." Dkt. No. 1 at 2-3.

## THE COURT'S ANALYSIS

Barnes appears to want to sue Defendants under the Eighth Amendment based on assertations they were deliberately indifferent to his knee injury. To state a claim under the Eighth Amendment, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). "A delay in treatment may show deliberate indifference if it exacerbated [the plaintiff's] injury or unnecessarily prolonged his pain." *Id*. at 777-78.

Barnes' complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 8 because it does not include sufficient factual allegations to support his legal conclusions that Defendants were

3

deliberately indifferent to his knee injury. For example, Barnes does not allege how he injured his knee or why he believes Defendants knew about the seriousness of the injury. He also concludes that they ignored his condition, but he does not allege who he talked to about his knee, when he talked to them, or how they responded (or did not respond) to his complaints. He states that he was not provided with the diagnostic tests and treatment he demanded, but the Court reminds Barnes that a "[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Courts defer to a medical professional's treatment decision "unless no minimally competent professional would have so responded under those circumstances." *Id.* (citations omitted). Finally, Barnes concludes that he fell down the stairs because of how Defendants treated (or did not treat) him, but he provides no facts from which the Court can reasonably infer a connection between his treatment (or lack thereof) and his fall. As already explained, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, to state a claim, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted). Because the Court cannot reasonably infer from the limited factual information in Barnes' complaint that Defendants violated in rights in the way he concludes, he fails to state a claim upon which relief can be granted.

The Court will give Barnes an opportunity to file an amended complaint that cures the deficiencies identified in this decision. Barnes should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) when and how he injured his knee; (2) who he interacted with about his injury and

what he told them about his injury; (3) when and how often he interacted with each person; (4) what each person did or did not do in response to his complaints; and (5) how the Court can assist him in relation to those events. Barnes should set forth his allegations in short and plain statements. He should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Barnes is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Barnes' failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Barnes's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **October 18, 2023**, Barnes may file an amended complaint that cures the deficiencies in the original complaint as described in this decision. If the Court does not receive an amended complaint or an explanation of why one cannot be filed before the deadline, the Court will dismiss this action based on Barnes' failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Barnes a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Barnes shall collect from his institution trust account the $337.75 balance of the filing fee by collecting monthly payments

from Barnes' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Barnes is transferred to another institution, the transferring institution shall forward a copy of this Order along with Barnes' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Barnes is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Barnes is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 20, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge