UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY E. BARNES,

        Plaintiff,

        v.                                Case No. 23-cv-1102-bhl

L. WACHHOLZ,
H. UTTER,
JANE DOE, and
NATE HEGGESETH,

        Defendants.

## SCREENING ORDER

Plaintiff Anthony E. Barnes, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On September 20, 2023, the Court screened the complaint and allowed Barnes to file an amended complaint, which he did a week later, on September 27, 2023. The Court will screen the amended complaint. *See* 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Barnes explains that he injured his knee in January 2018 while playing basketball. In May 2018, he met with Defendant Nurse Practitioner Jane Doe. Barnes explains that he told her that he had heavy grinding and popping inside his knee, but she did not do anything to address his complaints. According to Barnes, he met with her again on June 19 and September 27, 2018, and she "still denied plaintiff medical treatment, thus further delaying treatment which further exacerbated Barnes['] injury." Barnes also asserts, however, that Nurse Practitioner Doe did in fact place him on the physical therapy list on May 1 and again on September 27, 2018. According to Barnes, he did not receive physical therapy until May 9, 2022, but he does not explain why or state who was responsible for the delay. Dkt. No. 9 at 2-3.

Barnes next asserts that Defendant Health Services Manager H. Utter violated his rights on April 18, 2022. He alleges Utter knew that his knee was seriously damaged, he was not receiving treatment, and his treatment was delayed. Barnes also asserts that he met with Defendant L. Wachholz several times about his knee injury and that it was then that his physical therapy appointment was finally scheduled. He alleges that Defendant physical therapist Nate Heggeseth met with him on May 9, June 27, October 6, and November 17, 2022, as well as on March 23, 2023. According to Barnes, during the appointments, he did basic leg and hip stretches that further exacerbated his injuries. Barnes explains that after his final appointment he followed up with

Wachholz who refused to order an MRI to further assess the damage; she allegedly ordered only an x-ray.

### THE COURT'S ANALYSIS

Barnes' latest allegations raise statute of limitations issues, which the Court will address first. Barnes purports to assert deliberate indifference claims against four Defendants based on their alleged inadequate care of a knee injury that occurred in 2018. Under Wisconsin law, the relevant statute of limitations for Barnes' claims is three years. *See D'Aquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. §893.53 from six years to three years and thus any claims accruing after April 5, 2018 are subject to a three-year limitations period.) Barnes's claims in his amended complaint will relate back to his original complaint, which he filed on August 21, 2023. Thus, Barnes may only bring claims that accrued on or after August 21, 2020 (three years before Barnes filed his original complaint); any claims that accrued before that date must be dismissed because they are barred by the statute of limitations. *See Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) ("Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.").

With this law in mind, Barnes' claims against the Jane Doe Nurse Practitioner must be dismissed as time-barred. Barnes asserts that she examined him in May, June, and September of 2018, all of which are more than three years before he filed his original complaint. Any claims based on those examinations are not timely.

Barnes' claims against the remaining Defendants appear to be timely, so the Court will turn to examining the substantive adequacy of his allegations against them. To state a claim under the Eighth Amendment, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). "A delay in treatment may show deliberate indifference if it exacerbated [the plaintiff's] injury or unnecessarily prolonged his pain." *Id.* at 777-78. Given this standard, Barnes states a claim against Utter based on allegations that, on April 18, 2022, he notified her that his knee was grinding and popping and that he was in extreme pain, but she did not provide any treatment and delayed treatment for his knee.

Although a close call, the Court will also allow Barnes to proceed on a deliberate indifference claim against Wachholz based on allegations that she delayed the treatment of his injury when she refused to order an MRI. "An MRI is simply a diagnostic tool, and the decision to forego diagnostic tests is a classic example of a matter for medical judgment." *Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014) (citations and internal punctuation omitted). As the Court has already explained, a "[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles*, 771 F.3d at 409. Still, at the time Wachholz allegedly refused to order an MRI, Barnes had been suffering with knee pain for more than five years and had recently completed a course of physical therapy with no improvement. Further development of the record is therefore necessary to determine whether Wachholz's exercise of medical judgment departed significantly from accepted professional norms. *See id.*

The Court concludes that Barnes has failed to state a claim against physical therapist Heggeseth. Barnes alleges that he had (at least) five sessions with Heggeseth, beginning on May

4

2022 through March 2023. Barnes asserts that he did "basic leg and hip stre[t]ches" that further exacerbated his injuries. But Barnes does not explain how the sessions worsened his injury, whether he discussed his concerns with Heggeseth, or how Heggeseth responded or failed to respond to his concerns. The Court cannot reasonably infer from the mere fact that the physical therapy sessions failed to improve Barnes' injury that Heggeseth was deliberately indifferent to his injury. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Barnes' amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on H. Utter and L. Wachholz.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Utter and Wachholz shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that Jane Doe is **DISMISSED** because Barnes' claims against her are time-barred and Heggeseth is **DISMISSED** because Barnes fails to state a claim against him.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on October 16, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge