ANTHONY E. BARNES,

                Plaintiff,

v.                                                          Case No. 23-cv-1102-bhl

LORIJEAN WACHHOLZ, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Anthony Barnes, who is incarcerated at Oshkosh Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On March 7, 2024, Defendants filed a motion for partial summary judgment on the ground that Barnes failed to exhaust the available administrative remedies in connection with his claim against Defendant Lori Wachholz before he initiated this lawsuit. Dkt. No. 19. For the reasons explained below, the Court will deny the motion.

### BACKGROUND

Barnes is proceeding on Eighth Amendment claims based on allegations that Wachholz delayed treatment for his knee injury when she refused to order an MRI and that Defendant Hannah Utter refused to treat and/or delayed treating his knee injury. Dkt. No. 10. On April 19, 2022, Barnes submitted an inmate complaint in which he identified the following issue: "I've been in pain and hurting since hurting my knee in 2018. I've put in numerous HSU slips which has failed to help every time." Dkt. No. 22-2 at 11. Barnes also indicated: "I've been in pain and have told the nurses this every time I see them. They keep saying they will refer me to physical therapy.

This problem is being over looked by HSU. I am in unbearable pain, please look into this." *Id.* The inmate complaint was dismissed on May 10, 2022. Barnes timely appealed, and his appeal was dismissed on June 7, 2022. *Id.* at 1-7.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Plaintiff was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Seventh Circuit has explained that the "primary purpose of the exhaustion doctrine [is to] alert[] the prison officials to the existence of the problem and afford[] an opportunity to

2

repair the injury." *Lockett v. Bonson*, 937 F.3d 10416, 1027 (7th Cir. 2019). An inmate need only "provide[] notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citations omitted). "A prisoner's failure to exhaust administrative remedies before filing a claim is an affirmative defense, . . . [so] defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Defendants assert that Barnes failed to exhaust the administrative remedies in connection with his claim against Wachholz because his inmate complaint does not mention Wachholz's alleged refusal to order an MRI. While that may be true, Barnes did not seek to challenge specific treatment decisions or decisions by specific providers. Instead, his inmate complaint concerned an ongoing delay in treatment for and an overall mishandling of his injury. The broad nature of Barnes' inmate complaint (improper handling of his knee injury and/or a delay in treatment) reasonably included Wachholz's refusal to pursue diagnostic tests to better assess his injury. Accordingly, the Court concludes that Barnes provided adequate notice to the institution of his claim against Wachholz. *See, e.g., Henry v. Deshler*, No. 21-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021) (explaining that a plaintiff need not identify officials by name or specify potential claims against them); *see Moffett v. Garland*, No. 20-2376, 2021 WL 3362255, at *2 (7th Cir. 2021) (same). Defendants' motion for partial summary judgment on exhaustion grounds must therefore be denied.

Finally, on March 7, 2024, Barnes filed a motion to compel Defendants to provide him with copies of his medical records and relevant inmate complaints. Defendants responded a few weeks later and confirmed that they had provided all responsive documents to Barnes. The Court will therefore deny Barnes' motion to compel as moot.

3

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment for failure to exhaust the administrative remedies (Dkt. No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Barnes' motion to compel (Dkt. No. 25) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on April 24, 2024.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge